UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07-51884 |
| | ) | |
| AKRON THERMAL, LIMITED PARTNERSHIP, | ) ) | Chapter 11 |
| | ) | |
| Debtor and Debtor-in-Possession | ) | |
| _____ | ) | Adv. Pro. No. 07-05131 |
| | ) | |
| AKRON THERMAL, LIMITED PARTNERSHIP, | ) ) | |
| | ) | |
| Plaintiff | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| vs. | ) | |
| | ) | |
| THE COMMUNITY HALL FOUNDATION, INC., et al. | ) ) | |
| Defendant(s). | ) | |

**PRE-HEARING BRIEF OF DEFENDANT, CITY OF AKRON ON AKRON CIVIC THEATER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Now comes Defendant, City of Akron, by and through counsel, and submits its Pre-Hearing Brief in Support of the Motion of Defendant Community Hall Foundation dba Civic Theater ("Civic Theater") for Temporary Restraining Order and/or Preliminary Injunction and

respectfully requests that this Court pursuant to Federal Rules of Bankruptcy Procedure, Rule 7065 and Rule 65 (A) of the Federal Rules of Civil Procedure grant the Temporary Restraining Order.

I. **JURISDICTION AND VENUE**

This adversary proceeding (Case No: 07-5131) arose from the bankruptcy case of *In re Akron Thermal, Limited Partnership* (Case No. 07-51884) now pending in this Court under Chapter 11 of Title 11 of the United States Code. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §105.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as this is a proceeding arising under Title 11 in a case pending in this Court.

II. **STATEMENT OF THE CASE AND FACTS**

Defendant, City of Akron incorporates herein by reference the Statement of the Case and Facts as set forth in the Pre-Hearing Brief of Defendant, Akron Civic Theater.

III. **STATEMENT OF LAW AND ARGUMENT**

A temporary restraining order "serves as an equitable measure to prevent the parties from harming one another during the litigation; to keep the parties, while the suit goes on, as much a possible in the respective positions they occupied when the suit began." See *University of Texas v. Camenisch, 451 U.S. 390, 395 (1981)*; *Nat'l Bd. Of YMCA v. Flint YMCA*, 764 F.2d 199, 201 (6th Cir. 1985); and *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir. 1953). In the present case, it is inconceivable how allowing Akron Thermal to discontinue providing steam and chilled water to the Community Hall Foundation at the Civic Theater will maintain the status quo between these parties during the pendency of this litigation.

Under applicable Sixth Circuit precedent, a court must consider four factors in determining whether it should grant an injunction:

2

(1) whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the plaintiffs have shown irreparable injury;

(3) whether the issuance of a preliminary injunction would cause substantial harm to others;

(4) whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Association v. Knebel,* 563 F.2d 256, 261 (6th Cir.1988); *see also, Glover v. Johnson,* 855 F.2d 277 (6th Cir.1988); *State of Ohio ex rel. Celebrezze v. N.R.C.,* 812 F.2d 288, 290 (6th Cir.1987); *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir.1985). See also *Day v. Video Connection of Solon*, 602 F. Supp. 100 (S.D. Ohio 1982); and *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F. 2d 1261 (6th Cir. 1985).

The Court may not weigh mechanically the four factors set out in the *Mason County Case*. No single factor is determinative, and the Court should weigh each of the factors in light of the factual circumstances of the case. *See Roth v. Bank of the Commonwealth,* 583 F.2d 527, 537-38 (6th Cir.1978), *cert. granted,* 440 U.S. 944, 99 S.Ct. 1420, 59 L.Ed.2d 632, *cert. dismissed,* 442 U.S. 925, 99 S.Ct. 2852, 61 L.Ed.2d 292 (1979).

In *Roth,* the Sixth Circuit held that where a plaintiff makes a strong showing of irreparable harm, the injunction may issue on a lesser showing of a likelihood of prevailing on the merits. *Id.* In a case involving great irreparable harm, then, an injunction could issue on a showing that the plaintiff has raised questions that are "fair ground for litigation." *Id.* at 537; *see Brandeis Machinery & Supply Corp. v. Barber-Greene Company,* 503 F.2d 503, 505 (6th Cir.1974). It follows that the showing of a strong likelihood of prevailing on the merits will enable a court to issue an injunction despite a lesser showing of irreparable harm. *See Roth,* 583 F.2d at 537-38 (quoting *Metropolitan Detroit Plumbing & Mechanical Contractors Ass'n v.*

*HEW,* 418 F.Supp. 585, 586 (E.D.Mich.1976)). *See also Frisch's Restaurant, Inc. v. Shoney's, Inc.,* 759 F.2d 1261 (6th Cir.1985); *In re DeLorean Motor Co.,* 755 F.2d 1223 (6th Cir.1985); *Van Drivers Union Local No. 392 v. Neal Moving & Storage,* 551 F.Supp. 429 (N.D. Ohio 1982).

In this case, the four factors weigh in favor of granting of the injunctive relief requested by the Civic Theater.

**A.      Community Hall Has a Strong Probability of Success on the Merits**

Pre-petition amounts claimed to be due by Akron Thermal for steam and chilled water service to the Civic Theater were credited by Akron Thermal and the City of Akron against amounts owed the City of Akron by Akron Thermal for water and sewer. Schedules prepared by Akron Thermal and transmitted to the City reflect this credit. Therefore the pre-petition delinquency claimed by Akron Thermal does not exist and certainly does support the notice to disconnect service issued to the Civic Theater.

Moreover, the Civic Theater has tendered payment of the post-petition amount claimed by Akron Thermal to be due and Akron Thermal has refused to accept this payment for post-petition steam and chilled water service. Therefore, the amount claimed by Akron Thermal to be owed by the Civic Theater has been satisfied, leaving no delinquency upon which Akron Thermal can base a shut-off of service to the Civic Theater.

**B.      Civic Theater and the City of Akron Will Suffer Irreparable Harm If Relief Is Not Granted**

The Civic Theater is the center-piece of a revitalized downtown Akron. The City of Akron, Summit County, Summit County Port Authority private enterprise and individuals have contributed time, labor and financing to ensure that downtown Akron has a center for art and entertainment. The City of Akron has taken measures to insure that the Civic Theater continues indefinitely in this critical role to any urban downtown area. One such measure included the

arrangement made with Akron Thermal regarding the Civic Theater steam bills which the Debtor has now has conveniently chosen to dishonor within the context of these proceedings.

Performers, renters and patrons of the Civic Theater require a reasonably comfortable environment within which to perform, book and attend events. Obviously heating, hot water and air conditioning are critical to maintaining such an environment. Akron Thermal's threat to shut off the steam and chilled water service to the Civic Theater threatens its very existence as an artistic, cultural and entertainment center. Perception by the public and prospective entertainers that no such environment can be assured threatens the Civic Theater's ability to rent the hall, book entertainers, garner public and private support as well as draw patrons to its events. The action by Akron Thermal threatens the existence of the Civic Theater in Akron the consequences of which cannot be measured in money.

C. **No Substantial Harm To Others**

The Court's failure to issue the requested relief essentially rings the death knell of the Civic Theater despite the fact that not only is the amount claimed to be due by Akron Thermal in dispute, it was satisfied. The Debtor has represented to the parties and this Court that collection of these alleged pre-petition receivables are not necessary for the Debtors' short-term cash flow projections and cash management needs under the present Cash Collateral Order. Yet we are before this Court on the collection of an otherwise satisfied claim that now threatens the existence of the Defendant, Civic Theater. Clearly any balancing of any harm from the issuance of the requested order must be struck in favor of the Civic Theater and the City of Akron.

D. **The Public Interest Will Be Served By Issuance of the Order**

The existence and operation of the Civic Theater is important to the Akron community as well as that of Summit County and surrounding communities. The requested order, essentially allowing the Civic Theater to continue is operations affects not only the Civic Theater itself but

also the citizens of Akron, Summit County, surrounding communities, local businesses, performers and volunteers. There is substantial public interest in the Civic Theater continuing its operations and serving Akron, Summit County and the surrounding communities who support the Civic Theater and patronize its events.

**IV.    CONCLUSION**

In light of the foregoing, Defendant, City of Akron requests the following relief:

A.  A Temporary Restraining Order affording the Defendant, the Community Hall Foundation, Inc., dba the Akron Civic Theatre, relief from immediate and irreparable injury, loss or damage from the Plaintiff, Akron Thermal Limited Partnership by requiring Plaintiff Akron Thermal Limited Partnership to turn on the steam and hot and chilled water service at 182 S. Main Street, Akron, Ohio 44308 and to continue service at this location during the pendency of this action.

B.  A Preliminary Injunction affording the Defendant, the Community Hall Foundation, Inc., dba the Akron Civic Theatre, relief from immediate and irreparable injury, loss or damage from the Plaintiff, Akron Thermal Limited Partnership by requiring Plaintiff Akron Thermal Limited Partnership to turn on the steam and hot and chilled water service at 182 S. Main Street, Akron, Ohio 44308 and to continue service at this location during the pendency of this action.

C.  Defendant, the Civic, requests that this Court maintain the hearing date and time scheduled for Friday, August 31, 2007 at 10:00 a.m.

Respectfully submitted,

MAX ROTHAL (#0009431)
Director of Law, City of Akron

SKIDMORE & ASSOCIATES CO., LPA

By: /s/ Eric E. Skidmore
Eric E. Skidmore (#0042310)
Archie W. Skidmore (#5037)
Brian K. Skidmore (#0012833)
Attorneys for the City of Akron
One Cascade Plaza – 12th Floor
Akron, Ohio 44308
P: 330/253-1550
F: 330/253-9657
ees@skidmorelaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent electronically or by regular U. S. mail on this 29th day of August 2007 to:

**Schottenstein, Zox & Dunn Co., L. P. A**
Daniel R. Swetnam, Esq.
Tyson A. Crist, Esq.
250 West Street – Suite 700
Columbus, Ohio 43215
Email: dswetnam@szd.com
Email: tcrist@szd.com

Robert M. Stefancin, Esq.
1350 Euclid Avenue – Suite 1400
Cleveland, Ohio 44115
Email: rstefancin@szd.com
*Attorneys for Plaintiff*

**Bernlohr Wertz, LLP**
Christopher J. Niekamp
Michael J. Palumbo
The Nantucket Building, Third Floor
23 South Main Street
Akron, Ohio 44308
Email: cjn@b-wlaw.com
Email: michael@b-wlaw.com
*Attorneys for Community Hall Foundation, Inc.
d/b/a Akron Civic Theatre*

/s/ Eric E. Skidmore
Eric E. Skidmore (#0042310)